IN THE UNITED STATES DISTRICT COURT
WESTER DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DANTE HURTADO, Each Individually and**                              **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                       No. 5:20-cv-627

**PRIME COMMS RETAIL, LLC**                                       **DEFENDANT**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Dante Hurtado ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Prime Comms Retail, LLC ("Defendant"), and in support thereof he does hereby state and allege as follows:

## I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all other similarly situated hourly-paid workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      The acts complained of herein were committed and had their principal effect within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7.      The witnesses to the wage violations herein reside in this District.

8.      The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.      THE PARTIES

9.      Plaintiff is a resident and citizen of Kendall County.

10.     Defendant is a foreign, limited liability company registered to do business in Texas.

11.     Defendant's registered agent for service is Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701.

12.     Defendant maintains a website at https://www.primecomms.com/.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

15.    Defendant is an authorized retailer for AT&T.

16.    Defendant has locations throughout the United States, including Texas.

17.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19.    Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

20.    Specifically, Plaintiff was employed by Defendant from May of 2018 until May of 2020 as a retail sales consultant.

21.    As a retail sales consultant, Plaintiff was paid an hourly rate and commissions.

22.    At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

23.     At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to work in its stores, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.     Plaintiff and similarly situated hourly-paid workers received commissions as part of their regular pay from Defendant.

25.     Plaintiff and similarly situated hourly-paid workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26.     Defendant paid Plaintiff and similarly situated hourly-paid workers 1.5x their base hourly rate for each hour they worked over forty (40) in a workweek.

27.     Defendant did not include the commissions that were paid to Plaintiff and similarly situated hourly-paid workers in their regular rates when calculating their overtime pay.

28.     Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

29.     Defendant violated the FLSA by not including the commissions paid to Plaintiff and similarly situated hourly-paid workers in their regular rate when calculating their overtime pay.

30.     Defendant failed to pay Plaintiff and all others similarly situated a sufficient overtime premium for all hours worked over forty each week.

31.     Defendant's pay practices were the same for all hourly workers who received commissions.

32.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

33.     Plaintiff was often directed to clock out for his break but to continue working.

34.     Because Plaintiff was required to work through his break, Plaintiff worked approximately two to four hours off the clock each week.

35.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other hourly-paid workers violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

36.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff brings his FLSA claim on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

39.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They received commissions;

D.      They worked over forty hours in at least one week in which they earned commission;

E.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week; and

F.      They had the same or substantially similar job duties and pay provisions.

41.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds five hundred (500) persons.

42.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

43.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

45.    Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

46.    Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in his regular rates when calculating his overtime pay.

47.    Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

48.    Defendant failed to pay Plaintiff for all hours worked.

49.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

53.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54.     Plaintiff brings this collective action claim on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

55.     Plaintiff brings this action on behalf of himself individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

56.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

57.     Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, such as commissions paid to Plaintiff and those similarly situated, in their regular rate when calculating their overtime pay.

58.     In the past three years, Defendant has employed at least five hundred (500) hourly-paid workers who also received commission as part of their pay.

59.     Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

60.     Defendant failed to pay Plaintiff and the others an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

61.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All hourly employees in the past three years who earned a commission in connection with work performed in any week in which they worked over forty hours.**

62.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and the others are entitled to prejudgment interest at the applicable legal rate.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dante Hurtado respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.     An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

G.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DANTE HURTADO, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

*/s/ Josh Sanford* _____
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com